# Order

Michigan Supreme Court
Lansing, Michigan

April 26, 2013

146116

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

HYDE PARK COOPERATIVE, VILLAGE
CENTER ASSOCIATES LIMITED DIVIDEND
HOUSING ASSOCIATION, BOWIN PLACE
ASSOCIATES LIMITED DIVIDEND HOUSING
ASSOCIATION, CAMBRIDGE TOWER
ASSOCIATES LIMITED DIVIDEND HOUSING
ASSOCIATION, FENIMORE LIMITED
DIVIDEND HOUSING ASSOCIATION,
MILLENDER CENTER ASSOCIATES LIMITED
PARTNERSHIP, PLYMOUTH SQUARE
LIMITED DIVIDEND HOUSING
ASSOCIATION, and FOUNTAIN COURT
CONSUMER HOUSING COOPERATIVE,
        Plaintiffs-Appellants,

v

CITY OF DETROIT and BUILDINGS AND
SAFETY ENGINEERING DEPARTMENT,
        Defendants-Appellees.

SC: 146116
COA: 303143
Wayne CC: 10-005687-CZ

_____/

On order of the Court, the application for leave to appeal the July 24, 2012 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE footnote 5 of the Court of Appeals judgment because the issue was not properly before the Court of Appeals nor necessary to its decision. Moreover, we note that a claim for "money damages" such as the one rejected by this Court in *Lash v Traverse City*, 479 Mich 180, 191-197 (2007), is not identical to an action for a refund of an allegedly unlawful exaction. See, e.g., *Beachlawn Building Corporation v City of St. Clair Shores*, 370 Mich 128 (1963); *Bolt v City of Lansing*, 459 Mich 152 (1998). In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 26, 2013

p0423

Clerk